ZOLA LAW OFFICES, INC.
ANGEL MAE T. WEBBY-ZOLA, ESQUIRE
ID NO. 93099
129 SUSQUEHANNA BLVD.
WEST HAZLETON, PA 18202
(570) 501.2822
Attorney for Plaintiff

### IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Rosemarie Cuttitta, | : | |
| | : | |
| | : | |
| Plaintiff | : | |
| | : | CIVIL ACTION – LAW |
| vs. | : | NO: |
| | : | |
| WAL-MART STORES EAST, | : | |
| LP, WALMART, INC. | : | |
| | : | |
| | : | JURY TRIAL DEMANDED |
| | : | |
| | : | |
| Defendants | : | |

## NOTICE

YOU HAVE BEEN SUED IN COURT.  IF YOU WISH TO DEFEND AGAINST THE CLAIM SET FORTH IN THE FOLLOWING PAGES, YOU MUST TAKE ACTION WITHIN TWENTY (20) DAYS AFTER THIS COMPLAINT AND NOTICE ARE SERVED BY ENTERING A WRITTEN APPEARANCE PERSONALLY OR BY ATTORNEY AND FILING IN WRITING WITH THE COURT YOUR DEFENSES OR OBJECTIONS TO THE CLAIMS SET FORTH AGAINST YOU.  YOU ARE WARNED THAT IF YOU FAIL TO DO SO THE CASE MAY PROCEED WITHOUT YOU AND A JUDGMENT MAY BE ENTERED AGAINST YOUR BY THE COURT WITHOUT FURTHER NOTICE FOR ANY MONEY CLAIMED IN THE COMPLAINT OR FOR ANY OTHER CLAIM OR RELIEF REQUESTED BY THE PLAINTIFF.  YOU MAY LOSE MONEY OR PROPERTY OR OTHER RIGHTS IMPORTANT TO YOU.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

LEGAL SERVICES OF NORTHEASTERN PA., INC.
15 PUBLIC SQUARE
STE. 410
WILKES BARRE, PA 18701
(570) 825-8567

2 EAST BROAD STREET
SUITE 210
HAZLETON, PA 18201
(570) 455-9512

IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF
PENNSYLVANIA

| | | |
|---|---|---|
| ROSEMARIE CUTTITTA | : | |
| | : | |
| | : | |
| Plaintiffs | : | |
| | : | CIVIL ACTION – LAW |
| vs. | : | NO: |
| | : | |
| WAL-MART STORES EAST, | : | |
| LP, WALMART, INC. | : | |
| | : | |
| | : | JURY TRIAL DEMANDED |
| | : | |
| | : | |
| Defendants | : | |

## **COMPLAINT**

AND NOW, comes the Plaintiff, ROSEMARIE CUTTITTA, by and through their

counsel, Zola Law Offices, Inc. and hereby files this Complaint and in support of their

claim against the above-named Defendants assert the following:

### **THE PARTIES**

1.      Plaintiff, ROSEMARIE CUTTITTA, is an adult individual residing at 965

Justus Blvd. Scott Township, PA 18447.

2.      Defendant, Wal-Mart Stores East, LP., (hereinafter "WALMART") is an

Arkansas corporation and doing business under the corporation laws under the state of

Delaware, with an agent/service of process address at 702 SW 8th Street, Bentonville,

Arkansas 72167, which directly and through its agent, servants, employees, subsidiaries

and/or affiliates, at all times mentioned herein and material hereto, owned controlled,

maintained, possessed and had a duty to maintain the Walmart store located at 900

Commerce Blvd, Dickson City, Pennsylvania 18519.

3.     Defendant, Wal-Mart Stores East, LP (hereinafter "WALMART") is a limited partnership organized and existing under the laws of the State of Delaware with its principal business offices located in Bentonville, Arkansas.

4.     Defendant, Walmart, Inc. (hereinafter "WALMART") is a Delaware corporation with its principal place of business in Arkansas and the 100% sole owner of Defendant, Wal-Mart Stores East, LP (hereinafter "WALMART") through various wholly-owned operating entities as follows:  Defendant, Walmart Inc. (hereinafter "WALMART") is the sole owner of Defendant, Wal-Mart Stores East, LLC, (hereinafter "WALMART") which is an Arkansas limited liability company with its principal place of business in Arkansas.  Defendant, Wal-mart Stores East, LLC is the sole owner of Defendant, WSE Management, LLC (hereinafter "WALMART") and WSE Investment, LLC, (hereinafter "WALMART") which are both Delaware limited liability companies whose principal places of business are in Arkansas.  Defendant, WSE Investment, LLC is the 99% owner and limited partner of Defendant, Wal-Mart Stores East, LP.  WSE Management, LLC is the 1% owner and general partner of Defendant, Wal-Mart Stores East, LP.

5.     At all times relevant to this Complaint, the Defendants owned, maintained, controlled, occupied and/or leased the Walmart Retail Store and real property upon which it is situate at 900 Commerce Blvd, Dickson City, Pennsylvania 18519.

6.     At all times relevant to this cause of action, the Defendants were conducting and continues to conduct a retail sales business in northeastern Pennsylvania.

**JURISDICTION AND VENUE**

7.      This Court has jurisdiction over this matter pursuant to 28 U.S.C.A.

Section 1332 on account of complete diversity of citizenship between the Plaintiff and

Defendants, as well as the amount in controversy.

8.      Venue is proper in this District under 28 U.S.C 1391(B) in as much as the

events giving rise to these claims occurred within this District.

### FACTUAL BACKGROUND

9.      On or about May 28, 2022, Plaintiff, Rosemarie Cuttitta was a business

invitee on the business premises of the Defendants situated at 900 Commerce Blvd,

Dickson City, Pennsylvania 18519.

10.      At all times material hereto, Defendants, WALMART, acted and/or failed

to act in their corporate capacity and by and through its duly authorized agents, servants,

workmen, employees and/or contractors, who were acting within the course and scope of

their employment(s) and/or authority(ies);  said agency including, but not limited to,

actual, implied, apparent and/or ostensible agency;  and by virtue of said agency, at all

times material, Defendants, WALMART, is also vicariously liable for the negligence and

breach of duty(ies) of said agents, servants, workmen, employees and/or contractors as

more fully set forth herein.

11.      At all material times, Defendants acted by and through their daily

authorized agents, servants, workman, contractors and/or employees, who were acting

within the scope of their authority and employment.

12.      At or about the aforementioned date and time, Defendants' agent,

employee, workmen, and/or representative negligently, recklessly, and negligently caused

the cart machine to violently ram a row of carts into the back of the Plaintiff while she was retrieving her own cart.

13.     At or about the aforementioned date and time, while a patron at the aforementioned Walmart Retail Store, Plaintiff was caused to be violently hit by a long row of carts operated by the Defendants' agent, employee, workmen, and/or representative causing injuries, losses and damages more particularly described herein.

14.     At or about the aforementioned date and time, but prior to Plaintiff's injury, Defendants, Walmart had constructive and/or actual notice that similar incidents have occurred previously.

15.     At all times relevant to this cause of action, the Defendants knew, or in exercise of reasonable care, should have known of the similar prior incidents causing injury to other business invitees.

**COUNT 1:  BATTERY**

**PLAINTIFF V. DEFENDANTS**

16.     Plaintiff incorporates herein by reference the allegations set forth in Paragraphs 1 through 15 above, as if set forth herein at length.

17.     The wrongful act of the Defendants' employee, in pushing the row of carts into and striking the Plaintiff, was a nonconsensual touching and a tortious battery under Pennsylvania law.

18.     As the result of the tortious battery committed by Defendants' employee, for whom the Defendants are vicariously liable, the Plaintiff was violently struck from behind, causing a fracture of her right femur, suffer injuries and damages stated more fully herein.

WHEREFORE, Plaintiff demands judgment against the Defendants in an amount in excess of $75,000.00 plus the costs of this suit, including reasonable attorney's fees, and delay damages.

## COUNT I: NEGLIGENCE

## PLAINTIFFS V. DEFENDANTS

19.     Plaintiff incorporates herein by referenced the allegations set forth in Paragraphs 1 through 18 above, as if set forth herein at length.

20.     At all times material hereto, Plaintiff was a business invitee, lawfully upon Defendants, Walmart's premises.

21.     At all times material hereto, Defendants, Walmart, owed Plaintiff a duty to reasonably inspect and maintain its premises and to remove or repair defective or dangerous conditions at the premises that threatened the health and safety of Plaintiff.

22.     Defendant, Walmart, breached said duty as more fully set forth herein.

23.     At all times material hereto, Plaintiff acted in a reasonable and prudent and time and place of the manner and was free from any comparative negligence.

24.     At all times material hereto, Plaintiff did not assume the risk of injury.

25.     At all times relevant hereto, the Defendants' agent, servant, employee, and/or representative who pushed the line of carts and struck the Plaintiff on the date and time, and place of the afore-described incident in the Defendants' Dickson City Walmart store, was utilizing equipment owned by the Defendants in the course and scope of his employment for the Defendants, and was charged with utilizing and operating the Defendants' equipment in a safe manner.

26.     The incident between the Defendants' employee and the Plaintiffs as described hereinabove, and the consequent injuries and damages suffered by the Plaintiff were cause by and were the direct, legal and proximate result of the negligent and careless acts and omissions of the Defendants' employee, for whom the Defendants are vicariously liable, generally and resulting injuries and/or damages sustained by Plaintiff directly and proximately resulted from the negligence of Defendants, which conduct consisted of, but was not limited to, the following:

    a.      Operating and pushing the stock cart and line of carts with excessive and sufficient force to cause harm to others who come into contact with said stock cart;

    b.      Operating and pushing the stock cart and line of carts imprudently and unreasonably in an area of the Defendants' store populated with store patrons, and failing to exercise due care and caution to discover and avoid customers who would foreseeably come into the path of and contact with the Defendants' mobile stock cart and line of carts;

    c.      Failing to keep and maintain a proper and adequate control of the stock cart and line of carts;

    d.      Failing to keep and maintain a proper and adequate lookout ahead of the stock cart and line of carts and generally where the patrons retrieve their shopping carts;

    e.      Failing to properly familiarize himself and factor the maneuverability, weight transfer, sight line ahead of the stock cart and line

of carts and consequent visual obstruction and impairments caused by the characteristics and features of the stock cart and line of carts;

f.      Failing to properly anticipate the presence of store patrons within the store and areas when operating and utilizing stock carts to push the line carts and to thereafter properly estimate closing movements to bring the utilized stock cart to a safe stop or under such control so as to maneuver around and avoid store patrons or creating hazardous conditions for store patrons.

g.      Misjudging the weight transfer and allocation of the stock cart and line of carts and inertia, thereby causing the stock cart and line of carts to run into and strike the Plaintiff that ultimately caused or contributed to the her severe injuries;

h.      Failure to operate and utilize the stock cart in a defensive manner and to properly maneuver around and respond to the presence of store patrons occupying the store aisle or area, thereby creating a hazardous condition in the store that ultimately caused or contributed to the Plaintiff's severe injuries;

i.      Generally failing to adhere to and follow basic care and prudence for the safe operation of stock carts and lines of carts, proper control, speed, management, proper hazard perception and emergency maneuvering under the existing conditions at or near the vicinity site in question;

k.      Failing to regard the rights, safety and the position of the Plaintiff

in and about the area of the aforementioned accident;

l.      Permitting an extremely hazardous condition to exist on or about Defendants, Walmart, premises when Defendant knew or should have known that the dangerous condition existed;

m.      Failing to properly hire, train and supervise Defendants' employees;

n.      Failing to issue adequate warning signs, barriers and or barricades in an effort to alert business invitees of the dangerous condition which existed;

o.      Failing to issue any warning, verbal or written, of the dangerous condition;

p.      Knowing or having reason to know that harm could be caused by the negligent acts of employees, agents, workmen and/or representatives acting on behalf of Defendant; and

q.      In other such ways as may be revealed in the normal course of discovery.

27.    That solely as a result of the negligence of the Defendants as aforesaid, Plaintiff suffered severe, painful, permanent and disabling injuries including, but not limited to:

a.      Right proximal femur greater trochanter mild displacement

b.      Right Hip Joint Pain;

c.      Lumbar pain;

;        d.      Lumbar disc bulges;

e.    SI Joint Dysfunction;

f.    Any other injuries to be identified prior to trial.

26.    As a result of her injuries, Plaintiff, ROSEMARIE CUTTITTA, has

undergone injections, physical pain, and mental anguish and suffered a severe and

permanent shock to her nervous system, all or some of which may continue into the

future.

27.    Plaintiff, ROSEMARIE CUTTITTA, continues to suffer the residual

effects from the injuries set forth above, and will, in all likelihood, continue to suffer

from said injuries for the remainder of her natural lifetime, and it is therefore averred that

these injuries are believed to be permanent.

28.    Solely as a result of the incident described above, and the resulting injuries

and continuing injuries and conditions of the Plaintiff, ROSEMARIE CUTTITTA, she

has been caused to undergo extensive medical treatment and care commensurate with

said injuries and conditions.

29.    The Plaintiff, ROSEMARIE CUTTITTA, will likely require follow-up

visits and treatment for the injuries and conditions she suffered as a result of the above-

referenced incident and will likely require continuing medications for said injuries and

conditions, which treatment and medication is believed to be for an indefinite period of

time in the future, and in all likelihood, for the remainder of her natural lifetime.

30.    Solely as a result of the aforesaid incident, the negligence of the

Defendants, the resulting injuries, continuing injuries and conditions, the Plaintiff,

ROSEMARIE CUTTITTA, has been and will for the remainder of her natural lifetime,

be caused to suffer from the pain, humiliation, discomfort, inconvenience, inability to

engage in normal and usual activities, disruption of her normal and usual social, emotional and physical development, mental anguish and anxiety, depression, loss of life's enjoyment, as well as the usual residual disabilities, conditions and complications associated with the injuries and treatment described above, and a claim is made therefore.

31.     Solely as a result of the incident, the Defendant's negligence, and the resulting injuries, continuing injuries, complications, conditions and treatment, the Plaintiff, ROSEMARIE CUTTITTA, has been and will, in all likelihood for the remainder of her natural lifetime, be deprived of the ordinary and usual enjoyments of life, social, familial and recreational, and a claim is made therefore.

32.     Solely as a result of the incident, the negligence of the Defendants, and the resulting injuries, conditions, continuing injuries, and treatment, the Plaintiff, ROSEMARIE CUTTITTA has been and will be obliged to receive and undergo medical care and attention and to incur various expenses related to the treatment of her injuries, continuing injuries, complications and conditions, which expenses have not been paid for, and in all likelihood, the Plaintiff, ROSEMARIE CUTTITTA, will be obliged to incur such continuing expenditures for an indefinite period of time into the future and most likely for the remainder of her natural lifetime.

WHEREFORE, Plaintiff, ROSEMARIE CUTTITTA, demands judgment against

the Defendants for a sum in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus

the costs of this suit, including reasonable attorney's fees, and delay damages.

RESPECTFULLY SUBMITTED,

ZOLA LAW OFFICES, INC.

BY:_____Angel Mae Webby-Zola_____
     ANGEL MAE T. WEBBY-ZOLA, ESQUIRE

VERIFICATION

I verify that the statements made in this Complaint are true and correct.  I understand that false statements herein are made subject to the penalties of 18 Pa. C.S. 4904, relating to unsworn falsification to authorities.


__S/ Rosemarie Cuttitta_____